UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**LAWRENCE CHEIRS**
    Plaintiff

v.  No. 5:07CV-00126-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Dennis Fentress. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 13, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on January 6, 2007, by administrative law judge (ALJ) Thomas Bryan. In support of his decision denying Title II and Title XVI benefits, Judge Bryan entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since July 14, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: asthmatic bronchitis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work. The record supports he can lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit, stand and/or walk (each activity) about six hours in an eight-hour workday. He is limited in his ability to push and pull with his upper extremities, and should avoid exposure to temperature extremes of heat and cold, humidity and noxious fumes and odors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 31, 1952 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from July 14, 2003, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 20-23).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*,

923 F.2d 1168 (6th Cir., 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with <u>all</u> the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule. Section 200.00(a) of Appendix 2; 20 C.F.R. §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the Commissioner may rely on the particular rule only as a "framework for decisionmaking." Section 200.00(e)(1) and (2) of Appendix 2; 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Discussion**

This case was denied at the fifth and final step of the sequential evaluation process based upon a direct application of Appendix 2 of the regulations, the so-called medical-vocational guidelines, or grids. The ALJ utilized Grid Rule 202.10 in support of his ultimate finding of lack of disability. The cited rule contemplates the following individual:

1. Maximum exertional capacity for "light" work.

2. Closely approaching advanced age.

      3. Limited or less education – at least literate and able to communicate in English.

      4. Previous work experience unskilled or none.

A direct application of the grids is inappropriate if a claimant suffers from a non-exertional impairment that significantly erodes the occupational base of the full range of work at a given exertional level. Unless the plaintiff shows that his medical-vocational profile is not accurately characterized by Grid Rule 202.10 and/or that he suffers from a non-exertional impairment that significantly erodes the occupational base for "light" work, the court should affirm the ALJ's decision. The plaintiff has made no such showing. Therefore, we shall recommend an affirmance of the Commissioner's final decision. We shall consider the plaintiff's specific contentions in turn.

First, the plaintiff argues that Grid Rule 202.10 is inapplicable because the substantial weight of the evidence shows that he cannot perform the full range of "light" work. "Light" work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of "light" work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Social Security Ruling (SSR) 83-10. Sitting may occur intermittently during the remaining time. Id.

The plaintiff bases his contention upon the narrative report of Jeffrey Stidam, M.D. (AR, pp. 343-346). Dr. Stidam examined the plaintiff on July 23, 2005, at the request of the Commissioner. Dr. Stidam opined as follows (AR, p. 345):

> This is a 54-year-old male with chief complaint of asthma. The patient does have shortness of air subjectively, however, has no significant physical exam findings that would limit his daily activities other than subjective shortness of air upon ambulation. The patient also has history of arthritis in which he subjectively has inability to walk greater than two blocks or stand for one-half an hour and lifting restriction of prolonged lifting greater than 25 pounds without significant breaks

6

> every 2 hours. The patient otherwise has no significant physical exam finding that would limit his daily activities.

On September 14, 2005, in light of Dr. Stidam's findings and the medical evidence as a whole, the nonexamining state agency program physician, Amanda Lange, M.D., completed the standard physical assessment form in a manner that allowed the plaintiff to perform the full range of "light" work (AR, pp. 347-354). In his written decision, the ALJ uncritically noted Dr. Stidam's narrative findings and accepted Dr. Lange's assessment of what the plaintiff can still do despite his impairments (AR, p. 22). The magistrate judge concludes that Dr. Stidam's narrative findings are not necessarily inconsistent with the requirements of "light" work and, to the extent they are, the ALJ was not required to accept them because Dr. Stidam himself noted that they were based upon the plaintiff's "subjective" complaints in the absence of "significant physical exam finding that would limit his daily activities" (AR, p. 345).

Next, the plaintiff argues that the ALJ's utilization of Grid Rule 202.10 did not comport with applicable legal standards because, although he was "closely approaching advanced" age at the time of the ALJ's decision, he was sufficiently close to the next age category (i.e., "advanced" age) that the ALJ's mechanical utilization of his chronological age was inappropriate. A person between the ages of 50 and 54 is "closely approaching advanced age." 20 C.F.R. §§ 404.1563(d) and 416.963(d). The plaintiff was born on May 30, 1952. Therefore, he was 54 years and 221 days old on January 6, 2007, the date of the ALJ's decision; and he lacked 144 days, or almost five months, being of "advanced" age.

The legal standards for evaluating "borderline" age in connection with the grids were articulated in *Van Der Maas v. Commissioner*, 2006 WL 2986514 as follows:

7

> When determining a claimant's age under the medical-vocational guidelines for purposes of DIB eligibility, the claimant's age ... generally governs. *Curtis v. Secretary*, 1989 WL 83869 (6th Cir. July 28, 1989) (unpublished). The age categories are not to be mechanically applied, however, when the claimant is in a borderline situation. See *Crady v. Secretary*, 835 F.2d 617, 622 (6th Cir.1987) (holding that the ALJ could make his own determination of Crady's age in a borderline situation and was not bound by a medical report stating that Crady appeared older than his chronological age); 20 C.F.R. § 404.1563(b). A borderline situation is present where the claimant is within a few days to a few months of reaching an older age category and where application of the older age category would result in a finding of disability. 20 C.F.R. § 404.1563(b). If both of these factors are present, the ALJ is to use a "sliding scale" approach, taking into consideration the claimant's proffer of "additional vocational adversities" that might warrant moving her to an older age category. Application of the Medical-Vocational Guidelines in Borderline Age Situations, Social Security Admin., Ofc. of Hearings and Appeals, Hearings, Appeals and Litigation Law Manual (HALLEX) II-5-3-2 (2006). "The fact that age categories are not to be applied mechanically, however, obviously does not mean that a claimant must be moved mechanically to the next age category whenever his chronological age is close to that category." *Crady*, 835 F.2d at 622; see also 20 C.F.R. § 404.1563(b).

The magistrate judge concludes that the plaintiff was within five months of reaching an older age category. The ALJ did not move him to the higher category presumably because the ALJ did not find that he had demonstrated the "additional vocational adversities" required to do so. See HALLEX II-5-3-2. The ALJ's failure to explicitly mention the sliding scale does not undermine the ALJ's determination to consider the plaintiff's application according to his chronological age. A review of the ALJ's decision makes clear that the ALJ was unpersuaded by the plaintiff's allegations regarding the extent of his impairments. Substantial evidence in the record supports the ALJ's conclusion.

Next, the plaintiff argues that his education is more accurately described as "illiterate" than "limited or less ... at least literate and able to communicate in English." The argument is premised upon high school records from 1964, through 1967, that indicate that, on one occasion, the plaintiff had an IQ of 69 and, on another occasion, 80 (AR, p. 305). The plaintiff generally made "C's" in

8

his language arts courses: reading, writing, spelling, English, and literature (AR, p. 304). The plaintiff testified that he is able to read (AR, p. 413). The magistrate judge concludes that the evidence as a whole fails to establish that the plaintiff is "illiterate."

Next, the plaintiff argues that his IQ score of 69 meets the requirements of Appendix 1 of the regulations, Listing § 12.05C. The Listing requires, among other things, a "valid verbal, performance or full scale IQ of 60 through 70." The magistrate judge concludes that the argument is unpersuasive because the plaintiff has failed to establish that his IQ score of 69 was "valid," and the plaintiff's subsequent achievement of an 80 suggests that it was not valid.

Next, the plaintiff argues that "Rule 203.00(b) requires a finding of disability" (Docket Entry No. 10, p. 16). The cited Rule provides as follows:

> [W]e will find that an individual who (1) has a marginal education, (2) has work experience of 35 years or more during which he or she did only arduous unskilled physical labor, (3) is not working, and (4) is no longer able to do this kind of work because of severe impairment(s) is disabled, even though the individual is able to do medium work.

The magistrate judge concludes that the argument is unpersuasive because the record reflects that the plaintiff worked only 34 years, and his work included some semi-skilled work (AR, pp. 103, 279, and 404).

Finally, the plaintiff argues that "the administrative decision was based on inadequate and insufficient vocational evidence" (Docket Entry No. 10, p. 18). The argument is that the plaintiff's respiratory impairment is a non-exertional impairment that would be expected to significantly erode the occupational base for "light" work; hence, the ALJ erred in utilizing Grid Rule 202.10 to find lack of disability, rather than obtaining vocational testimony tailored to the specific limitations associated with the non-exertional impairment.

The ALJ acknowledged that the plaintiff's non-exertional respiratory impairment necesitates that the plaintiff "should avoid exposure to temperature extremes of heat and cold, humidity and noxious fumes and odors." ALJ's Finding No. 5. However, the ALJ found that the non-exertional impairment did not preclude utilization of Grid Rule 202.10 because it would be expected to "have little or no effect on the occupational base of unskilled light work" (AR, p. 23). SSR 85-15 states that "[w]here a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad work of work would be minimal because most job environments do not involve great, noise, amounts of dust, etc." The magistrate judge concludes that the ALJ did not err, despite the presence of a non-exertional respiratory impairment, in utilizing Grid Rule 202.10 to find the plaintiff "not disabled." Alternatively, to the extent testimony from a vocational expert (VE) was required, the VE's testimony at the prior administrative hearing was adequate for that purpose (AR, pp. 404-405).

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).